## JOHN M. EASTERLY vs. HENRY KENEY. |

A will contained the following devise :—" I give to K (certain real estate, describing it) in trust for my nephew G, and I direct said trustee to pay to said G the rents and profits of said estate exclusive of all other persons, to be paid to him or upon his written order made annually, and this devise is not to enure in any manner for the benefit of any creditors of said G, but is intended to be for the only use and benefit of said G and for such use and purpose only as he shall annually appoint." Held,—1. That the interest of G in the devise was a vested life estate in the rents and profits of the land. 2. That this interest could not be reached by an attachment of the land and levy of execution upon it. 3. That a bill in equity against the trustee, by a creditor of G who had levied on the land, to compel him to pay over the accruing rents and profits to the creditor, could not be sustained. 4. That rents and profits in the hands of the trustee could be taken by any creditor of G by foreign attachment, and that there was no way in which a creditor could secure the future rents and profits.

BILL IN EQUITY, brought to the Superior Court in Hartford County and reserved on facts found for the advice of this court. The case is fully stated in the opinion.

*T. C. Perkins* and *C. E. Perkins*, for the petitioner. ·

*Welch* and *Hyde*, for the respondent.

PARK, J. The petitioner obtained judgment against Albert W. Goodwin, and levied his execution upon land devised to the respondent in trust for Goodwin, and set off the same in part satisfaction of his claim, and now brings his petition to obtain the legal title to the land set off, and the rents, profits and issues of the same. Whether the prayer of his petition should be granted or not depends upon the question whether or not Goodwin was the equitable owner of some vested interest in the land devised, and this depends upon the construction that should be given to the will of Abigail Goodman, late of Hartford, deceased.

The clause of the will involving this question is as follows:—" I give and devise to my friend Henry Keney a three-fifths part of the brick house and lot next adjoining St. John's hotel, now owned by me, to him, his heirs and assigns forever, to his and their own proper use and behoof, in trust however for my nephew Albert W. Goodwin of Wethersfield; and I do hereby order and direct said trustee, said Keney, to pay to said Albert W., and this devise is for the purpose of securing to said Albert W., the rents, use and benefits of said devise exclusive of all other persons. Said trustee is hereby directed to pay to said Albert W., or to his written order made annually, the rents, profits and issues of said building hereby devised, and this devise is not to enure in any manner for the use and benefit of any creditors of said Albert W., but is hereby intended to be for the only use and benefit of said Albert·W., and for such use and purpose only as he shall annually appoint."

Goodwin was indebted to the petitioner in a large amount at the time the will was made, much larger that the value of all the property devised to the trustee, and it is manifest that the testatrix designed that no part of her property should be taken by the petitioner in satisfaction of his claim. Goodwin was the special object of her bounty, and she intended that whatever property she should leave for his benefit should be enjoyed by him in person, and should never be liable to attachment and execution at the hands of his creditors. To this end she sought by the aid of counsel to devise a mode whereby this object could be accomplished, and the result is before us.

Whether she has been successful is the question at issue. We fully agree with the counsel for the petitioner, that if an equitable or legal interest in land is devised, and it becomes vested in the devisee, it is subject to all the incidents of ownership in his hands, and may be taken by creditors, as freely as any other property of the debtor, although the testator may have strongly expressed his intent to the contrary. But the intent of a testator in this respect is an important consideration in a doubtful case, in determining whether, in

fact, an interest in land has been devised. The question recurs, what vested interest in this land had Goodwin at the time the levy was made ? The petitioner claims that he had an equitable estate in fee ; that the devise to Keney, his heirs and assigns forever, in trust for Goodwin, conveys a fee by implication. If this was all there is in the will upon this subject there would be great force in the petitioner's claim, and indeed the authorities are numerous in support of that position. But the testatrix declares, in immediate connection with the devise to Mr. Keney, that the devise was made for the purpose of securing to Goodwin the rents, use and benefit of the land devised. Here her purpose and object are fully expressed. She desires to give and secure the income of the land to Goodwin and that only. This she attempts to accomplish in the mode prescribed.

The next clause provides that the rents, use and benefit of the land shall be paid annually, either to Goodwin in person, or to his written order. If the land was designed to be Goodwin's why provide that the rents and profits shall be paid annually ? They would be his to all intents and purposes when due, without such provision.

Again, if the land was designed to be Goodwin's, it is remarkable indeed, and past comprehension, that the testatrix should be so desirous to secure the issues of the land to his personal enjoyment and leave the land itself exposed to creditors without an effort for its preservation.

The land is the principal thing. Should creditors take the land they would inevitably take the rents and profits of the land with it. Taking the land would take the issues of the land. If therefore she intended to give the beneficial interest in the land to Goodwin would she have left it so exposed, and with it the rents and profits that she endeavored with so much concern to secure to him, and especially when aided by counsel in her efforts ?

We think it is clear that she never intended to bestow upon him an interest in the land itself, but only in the rents and profits of the land ; and we see nothing in the language

of the devise that shows that she did in fact what she never intended to do in this respect.

We think the clauses following the first clause of the devise qualify the language used in the first clause, and show that the legal title of the land was devised to the trustee merely to enable him to manage the estate and collect the rents and profits of the land and pay them annually to the cestui que trust; and likewise to provide a fund in the rents and profits for his support. The petitioner levied his execution upon the land. If therefore his debtor had no vested interest in the land as such his levy was a failure, and the prayer of his petition that the legal title of the land be conveyed to him cannot be granted.

In relation to the interest of the cestui que trust in the devise in question, we think he took a vested life estate in t he rents and profits of the land. The rents and profits are to be paid to him annually. The trustee has no discretionary power of appropriation. The trust is unlimited as to time. It therefore must continue during the life of the cestui que trust, for at no time preceding his death can it be said that the object of the trust has been accomplished. The case is similar to the case of *Farmers & Mechanics' Savings Bank* v. *Brewer*, 27 Conn., 600, where it appeared that a testatrix gave certain property in trust that the income of the estate should be paid by the trustee to the cestui que trust semi-annually, on the first days of January and July during his natural life, with remainder over; it was held that the cestui que trust took a vested life estate in the income. The case at bar is similar in principle. In both cases the income is given. In both the trust is to continue during the life of the cestui que trust. In both the trustee has no discretionary power to withhold the income when the time arrives for payment. It is true that in the case under consideration the trustee may require the written order of the cestui que trust before he can be compelled to pay the income, but this can make no difference with the ownership of the income. In the case of *Arden* v. *Goodacre*, 10 Eng. Law & Eq. R., 468, where a testator bequeathed an annuity to his son, payable

quarterly, charged upon his personal estate, which he con-
veyed to his executor subject to the annuity, and declared
by his will that the receipt of the son in his own hand should
be the only receipt which his executor should be bound to
accept, and that it should be lawful for the executor to require
the son to attend at the town hall in N. in order to receive
and give receipts for the annuity, and to suspend payment
until such requisition should be complied with ; it was held
that, notwithstanding the power of the executor to require
the attendance of the son at a particular place to receive pay-
ment and give receipts in his own hand, the annuity was as-
signable by the son, without the consent of the executor. See
also 2 Story Eq. Jur., § 974 *a*, and cases there cited.

The clause in the devise, that the rents and profits shall in
no case enure to the benefit of the creditors of Goodwin, can
have no effect. If the income was his, it was his for all pur-
poses, like any other property. The testatrix should have
conferred upon the trustee discretionary power of appropria-
tion, if she desired to deprive the cestui que trust of owner-
ship of the rents and profits before they should be paid to
him. *Johnson* v. *Connecticut Bank*, 21 Conn., 148.

This was not done in this case. The trustee has no dis-
cretionary power to exercise, further than to require a writ-
ten order, which, as we have seen, does not affect the owner-
ship of the income. In this state of things the petitioner
claims that, although he acquired no interest in the rents and
profits of the land by the levy of his execution, still the rents
and profits remaining unpaid to the cestui que trust, and those
that shall thereafter accrue during the life of the cestui que
trust, or till his debt is paid, should be paid to him, in part
or in whole satisfaction of his claim, as the case may be ; and
that a decree should be passed accordingly. The petitioner
has acquired no right to the possession of the land, for his
debtor has no interest in the land, and consequently has no
right to the possession. The relation of the petitioner to the
rents and profits therefore does not differ in any respect
from that of any other creditor of the cestui que trust, or from
that of any creditor to the funds of his debtor in the hands of

a third person.   If the trustee has funds in his.hands belonging to the cestui que trust they are liable to foreign attachment, and this is adequate remedy at law so far as they are concerned.   In relation to the rents and profits that may hereafter come into the hands of the trustee we know of no law or practice that will enable the petitioner, by the aid of a petition, to seize them  before they accrue or come into the hands of the trustee.   The mere fact that it is morally certain that the trustee will at times have the funds of the cestui que trust in his hands can make no difference.   If this petition can be sustained so could one in any case where the probability is strong that the funds of a debtor will come into the hands of a third person ; which would be a novel proceeding in courts of equity.   We think it cannot be done.   The petitioner has acquired no interest in these funds by attachment or execution.   He stands merely in the relation of a creditor to a debtor who may have funds in the hands of a third person.

We deem this statement of our views a sufficient answer to all the questions submitted to our consideration, and therefore will not answer them in detail.

The Superior Court is advised to dismiss the petition.

In this opinion the other judges concurred.