EDWIN B. HOLMES ET AL. *vs.* JOHN A. BUSHNELL ET ALS.

* Third Judicial District, New Haven, June Term, 1907.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

The beneficiary of a testamentary trust fund which is to be expended
    by the trustees only for his personal comfort and support, cannot
    pledge the future income of the fund to the payment of his business
    losses; and therefore, if such a pledge be attempted by him, a
    court of equity will not enforce it, nor in any other way under-
    take to divert to business creditors of the beneficiary what was
    clearly intended, and is needed, to secure him the necessaries of life.
Whether the Act of 1899 (General Statutes, §§ 837–840) establishing
    rules of procedure pursuant to which creditors of the beneficiary
    may, under certain circumstances, reach and appropriate the in-

* Transferred from first judicial district.

come of the trust fund, applies to a trust which had been created before that date, *quære*.

The Act of 1899 applies to cases in which the income is to be paid over to some person by the trustees, but not to those in which the income is to be held and expended by the trustees themselves for the actual personal needs of the beneficiary from time to time.

Submitted on briefs June 13th—decided July 30th, 1907.

ACTION to charge a debt of a *cestui que trust* on the trust fund, brought to the Superior Court in Middlesex County and heard before *Case, J.* Judgment for plaintiffs. *Error.*

The trust was created by the following clause in the will of Nancy M. Bushnell: " I desire that the income and interest arising from my estate be held by my executors for the benefit of my son, John A. Bushnell, to be expended by them for him as he may need from time to time, and in case the said John A. Bushnell shall marry and have issue, then to use and expend the said income and if necessary, the principal, from time to time, for his and their support and comfort, and at his death whatever may remain of the principal and interest shall be divided among his legal heirs. And in case the said John A. Bushnell shall die without leaving legal issue, then it is my will that my estate be divided and distributed as hereinafter mentioned."

Among the legatees who were to take in the event thus last provided for, were Mrs. Mary W. Granniss and Mrs. Ella M. Bushnell, who were also appointed executors of the will, and are made defendants as such. The latter was made the residuary legatee.

John A. Bushnell, the other defendant, was the only son and heir at law of the testatrix. He is without issue. When the will was executed he was of full age, and had been, as his mother knew, unsuccessful in business. He advised her, in making her will, to put what she gave him in trust. It did not appear that he was wasteful, dissolute, or incompetent to manage his own affairs, or that his mother ever so regarded him.

In 1902 and 1903 he became indebted to the plaintiffs to the amount of $824 for shoes sold him as a retail shoe dealer. That was his sole occupation, taken up for his livelihood. It was a losing business, but the goods so bought were necessary for the proper stocking of his store and its maintenance on a profitable basis. He stated to the plaintiffs, when he made the first purchases from them, that the income of the trust fund should be applied towards the payment of their account. The proceeds of the business were insufficient to pay it, and a balance of $350 and interest thereon remains due. He now has no property except the income from the trust fund. This amounts to about $6,500, yielding a net income of $225. Until this action was brought, the trustees had paid this entire income to him, as it accrued.

The parties stipulated that if judgment were rendered for the plaintiffs, it should give them the benefit of eight-thirteenths of the net income until their claim was paid, or until issue should be born to John A. Bushnell, and the judgment was so expressed.

*Frank D. Haines,* for the appellants (defendants).

*Charles A. Pelton,* for the appellees (plaintiffs).

BALDWIN, C. J. The trust here in question is an active one. While the income, so long as John A. Bushnell remains unmarried and without issue, is to be held by the trustees for his benefit, they and not he are to expend it. They are, it is true, to expend it only " for him," but also only " as he may need from time to time." The context sufficiently indicates that the testatrix had in view what he might from time to time need for his personal support and comfort. In the event of his having lawful issue, provision for his and their support and comfort is expressly made the rule of expenditure, not only for the income but, " if necessary," for the principal. There is no reason to suppose that his mother was less sedulous, so

far as her means extended, to insure his comfortable support while single, than if married.

A fund to be expended by trustees for the personal comfort and support of a particular beneficiary, cannot be diverted by him to any other use. John A. Bushnell's pledge to the plaintiffs of the future income of the trust fund created by his mother's will was therefore of no effect. Nor will a court of equity do what he could not, and assign to business creditors what was meant to secure him, and is certainly no more than sufficient to secure him, the necessaries of life. *Tolland County Ins. Co.* v. *Underwood*, 50 Conn. 493.

The case presented is neither one of income to be applied, without limitation, to the use of a certain person, nor yet of a trust to provide for the needs of a certain person, under which either the trustee or the *cestui que trust* agrees that claims for supplies of things proper for the personal consumption and support of the latter shall be discharged from the fund. See *Huntington* v. *Jones*, 72 Conn. 45, 51, 43 Atl. 564. It is a naked attempt to subject to the losses of a business enterprise money put in trust for no other purpose than to secure, against all hazards, the comfortable support of an only son.

John A. Bushnell, so far as was shown by the evidence, was not, and was not thought by the testatrix to be, wasteful or incompetent to manage his own affairs. These facts, however, did not affect her power to subject her bounty to the limitations which she provided. She could, in these respects, do what she pleased with her own property.

It is contended that the testatrix must have meant to give him an absolute right to the entire income, so long as he remained without lawful issue : first, because otherwise she would have put the trustees under a strong temptation to withhold it, so far as they could, in order to increase the fund in which, should he never have such issue, they each personally had a considerable interest; and, second, because, as the sole heir at law, he is not to be disinherited without a clear implication.

The rule last mentioned has no application to the case in hand. Under no circumstances can John A. Bushnell take anything as heir at law. The will effectually disposes of the entire property of the testatrix, in any event. See *Weed* v. *Scofield*, 73 Conn. 670, 49 Atl. 22.

It is true, as respects the other point mentioned, that the trustees have a motive for abusing their trust, but this cannot vary the plain meaning of the words used by the testatrix, and enlarge in favor of her son an estate which she was at such pains to surround with close limitations.

There is no occasion to inquire whether General Statutes, §§ 837–840, enacted in 1899, can be regarded as establishing rules of procedure which could apply to this trust which had been previously created. They relate only to property "given to trustees to pay over the income to any person." The bequest now in question directs the income of the fund to be held by the trustees, and to be expended by them, for the beneficiary, and only to provide for his actual and personal needs from time to time.

There is error, the judgment appealed from is set aside, and the cause remanded for the rendition of a judgment in favor of the defendants.

In this opinion the other judges concurred.