Hildreth Press Employees Federal Credit Union v. Connecticut General Life Insurance Company

Appellate Division of the Court of Common Pleas

File No. CV 17-7011-9114

Argued April 4—decided June 21, 1972

*Samuel Bailey, Jr.,* of Hartford, for the appellant (defendant).

*John J. O'Neil, Jr.,* of Hartford, and *Joseph R. Apter,* of New Haven, for the appellee (plaintiff).

Missal, J. This is an appeal from a judgment in an action of scire facias brought by a judgment creditor against the garnishee. The issues were presented to the trial court on the following stipulation of facts.

Robert Austin was an employee of Hildreth Press, Inc., from September 11, 1951, through December 12, 1968. As such, Austin was a member of the Bristol Pressmen and Assistants Union, Local No. 401. The union and Hildreth Press, pursuant to a collective bargaining agreement, established a pension fund under which Hildreth Press made contributions to the trustees of a pension fund. After the deduction of administrative expenses, the trustees of the pension fund forwarded the balance to the defendant to be administered under the provisions of a group annuity contract entered into between the trustees and the defendant. Under the terms of the pension plan, an employee who completes a minimum of five years' service may, upon termination of employment, elect a cash payment of the funds accumulated to his credit during his period of employment. The defendant, under the terms of the contract, must, upon receipt of written notice from the trustees, pay over to the employee, so electing, the value of his annuity at the time of election. The trustees may elect to pay these funds either in one lump sum or in monthly instalments over a period not to exceed one year. On December 12, 1968, Austin terminated his employment with Hildreth Press and subsequent thereto defaulted on a note owed the plaintiff. On May 11, 1970, the plaintiff issued a writ against Austin and garnished the defendant. The garnishment was served on the defendant on May 13, 1970. On May 6, 1970, Austin applied for cash payment of the funds due him under the annuity contract. On the same date the trustees approved the cash payment and directed the defendant in writing to pay over to Austin $1231.35. This request for payment was received by the defendant on May 11, 1970, two days prior to the service of the garnishment. On May 25, 1970, the defendant paid to Austin the funds requested. On September 24,

1970, judgment was rendered in favor of the plaintiff to recover from Austin $1286.64 plus costs of $40.20. On October 13, 1970, demand was made upon the defendant for the sums due Austin under the terms of the annuity contract. The defendant refused to honor the garnishment and execution thereon. The plaintiff by writ dated November 18, 1970, commenced an action of scire facias.

On December 27, 1971, the trial court rendered judgment for the plaintiff in the amount of $1326.84 together with costs. From this decision the defendant has appealed. It assigns as error: (1) The failure of the court to conclude that the debt owed by the defendant to Robert Austin was accrued by reason of the personal services of Austin and was not subject to prejudgment garnishment. (2) The failure of the court to conclude that no debtor-creditor relationship existed between the defendant and Robert Austin. (3) The failure of the court to conclude that the spendthrift trust provisions contained in the deferred compensation plan, trust and contract were legally sufficient to protect amounts held by the defendant from garnishment.

To dispose of this matter it will only be necessary to consider the third assignment of errors.

## I

The first question raised is whether a valid spendthrift trust has been created. A spendthrift trust is one in which the settlor imposes a direct restraint on the alienation, voluntary or involuntary, of the beneficiary's interest. Restatement (Second), 1 Trusts § 152.

In this state, § 52-321 of the General Statutes is the exclusive and the only authority now known to our law for the creation of spendthrift trusts. *Carter* v. *Brownell*, 95 Conn. 216, 223; 1 Stephenson,

Conn. Civ. Proc. (2d Ed.) § 67f. Section 52-321 exempts from claims of creditors only those trusts (1) in which the trustee has a right to accumulate or withhold income from the income beneficiary or (2) in which income has been "expressly given for the support of the beneficiary or his family." *Bridgeport* v. *Reilly,* 133 Conn. 31, 36; 1 Stephenson, op. cit., p. 286.

The trust in this case was set up in the following documents. (1) Article 8 § 5 of the Hildreth Press, Inc., Pressroom Employees Pension Plan requires the trustees of the pension fund to protect employees and forbids them to alienate or assign retirement benefits, and in order to prevent attachment or garnishment the trustees reserve the right to terminate or postpone payment to any employee. (2) Article 12 § 3 of the agreement and declaration of trust establishing Hildreth Press, Inc., Pressroom Employees Pension Fund provides that no moneys of the pension fund shall be subject to alienation or garnishment, and any attempt to alienate or garnish them is null and void. (3) Part 3 § C (1) of the group annuity contract between the trustees and the defendant establishes that all payments, benefits or refunds of the pension fund are for the support and maintenance of the payee and are not subject to attachment by creditors of the payee.

It is clearly spelled out in these documents that not only do the trustees of the pension fund have power to withhold payments but the payments from the fund are expressly reserved for the support of the beneficiary. Thus, not one, but both, of the requirements for establishing a spendthrift trust as set forth in § 52-321 of the General Statutes are fulfilled. To buttress the position of the defendant further, § 38-162 of the General Statutes permits a domestic life insurance company to hold the proceeds

of a pension fund such as the one established here in trust free from the claims of the creditors of any beneficiary of the trust.

Therefore, the provisions of §§ 52-321 and 38-162 of the General Statutes and of the pension fund created by article 8 § 5 of the Hildreth Press, Inc., Pressroom Employees Pension Plan, the agreement and declaration of trust establishing Hildreth Press, Inc., Pressroom Employees Pension Fund, and the group annuity contract all combine to create a valid spendthrift trust which protects the funds of the beneficiary, in this case Robert Austin, from attachment or garnishment by the plaintiff.

## II

The next question to be considered is when a creditor can garnish or attach the funds of a spendthrift trust.

The plaintiff claims that when the trustees approved Robert Austin's request for payment on May 6, 1970, they had divested themselves of all power over the funds in question. The funds had to be paid over to Austin. It is the argument of the plaintiff that, at this point, the trust becomes a dry or passive trust and is subject to seizure in satisfaction of his debts. See *Sproul-Bolton* v. *Sproul-Bolton*, 383 Pa. 85; Bogert, Trusts and Trustees (2d Ed.) § 227.

This state has rejected the "dry trust" theory, and in *Connecticut Bank & Trust Co.* v. *Hurlbutt*, 157 Conn. 315, 327, it was clearly stated: "[U]ntil the income of a spendthrift trust has actually been paid over to a beneficiary, it is not open to assignment or alienation to anyone." The garnishment in the hands of the defendant thus was null and void, the defendant properly turned the funds which had accrued in favor of Robert Austin over to him, and it

will be necessary for the plaintiff to bring an action directly against Austin in order to obtain the satisfaction of its judgment against him.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant.

In this opinion MIGNONE and O'BRIEN, Js., concurred.