In re Karen C. STRAGALAS, Debtor.

Robert VUCUREVICH, Plaintiff.

v.

Karen C. STRAGALAS, Defendant.

Bankruptcy Nos. B–96–02761–PHX–RGM.
Adversary No. 96–00430.

United States Bankruptcy Court,
D. Arizona.

May 8, 1997.

Robert Beucler, Brandes, Lane & Joffe, Phoenix, AZ, for Robert Vucurevich.

William J. Samuels, Phoenix, AZ, for Debtor.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

ROBERT G. MOOREMAN, Bankruptcy Judge.

This matter is before the Court pursuant to the Chapter 7 Trustee's Motion for Summary Judgment and Debtor's Response thereto. A hearing was held March 3, 1997 at which the Court heard oral argument on the Motion for Summary Judgment. The Court allowed the parties until March 17, 1997 to attempt to resolve the matter and file a stipulation; in the event that a resolution could not be reached by the parties by March 17, 1997, the Court indicated that the matter would be deemed under advisement after that date. The parties were unable to resolve the matter on their own. After due consideration of the pleadings, the record herein, and under the present posture of the case, the Court finds and concludes the following in making its decision.

1. Debtor was involved in an automobile accident on September 30, 1986.

2. A lawsuit was filed in Maricopa County Superior Court by the Debtor.

3. The Debtor entered into a structured settlement by way of a Settlement Agreement and Release dated September 29, 1989. The Debtor settled the personal injury lawsuit arising out of the automobile accident and the lawsuit was dismissed.

4. As part of the settlement, a lump sum was paid by the Balboa Insurance Company which was used to pay Debtor's attorneys fees and medical bills incurred through September 29, 1989.

5. Additionally, in order to fund future anticipated medical bills for the Debtor, the Settlement Agreement provided for future periodic payments to be made to Debtor. The Balboa Insurance Company funded the future periodic payments to the Debtor through the purchase of an annuity.

6. It was specifically provided in the Settlement Agreement that the periodic payments could not be accelerated, deferred, increased or decreased by the Debtor, nor could she sell, mortgage, encumber or anticipate the payments or assign them.

7. The annuity provided that the Debtor is entitled to receive three lump sum distributions post-petition. Debtor is scheduled to receive on December 15, 1998 the sum of $20,000; on December 15, 2003 the sum of $30,000; and on December 15, 2008 the sum of $40,000. In addition to the three lump sum payments, as outlined above, the Debtor is entitled to receive $2,500 annually for her lifetime, with 20 years of certain payments.

8. The Trustee filed the instant Motion for Summary Judgment on December 18, 1996. Through the Motion for Summary Judgment, the Trustee seeks to have the Court determine that the annuity is property of the Bankruptcy Estate, that the annuity is not exempt, and that the annuity is not held as a spendthrift trust. The Trustee argues that the annuity is merely a contract and nothing more; that the annuity is property of the estate and it is not exempt as an express trust, as a spendthrift trust, or under any other exemption granted by Arizona law.

9. The Debtor argues in her Response to the Motion for Summary Judgment that the annuity is either a spendthrift trust or is exempt under Arizona law. The Debtor argues that the Settlement Agreement for all intents and purposes creates a spendthrift trust in the annuity portion of the settlement proceeds. The Settlement Agreement creates a restriction on the transfer of the beneficial interest that the Debtor is to receive from the annuity because the Debtor is not able to do anything other than receive the funds. The annuity was created with the specific intention that the annuity was to pay for the Debtor's future medical bills and that the Debtor was unable to assign, accelerate, sell, mortgage or anticipate the funds; and Balboa Insurance Company, not the Debtor, was the purchaser of the annuity. Additionally, Debtor cites A.R.S. § 12–592 for authority creating a specific Arizona exemption in the benefits for future damages which are paid by periodic payments.

■ The Court finds and concludes that no statute under Arizona law exempts proceeds from a personal injury claim, or the potential or future proceeds from a personal injury claim. *In re Hoffpauir*, 125 B.R. 269, 271–72 (Bankr.D.Ariz.1990). Debtor argues that A.R.S. § 12–592 grants an exemption, but upon reading the cited statute, the Court finds and concludes that the statute concerns claims for medical malpractice actions against health care providers. Because the case at bar does not arise from a health care action or medical malpractice against a health care provider, A.R.S. § 12–561, *et seq.* is inapplicable in this case and does not create an exemption for the Debtor.

The Court therefore finds and concludes that on this record the Trustee's Motion for Summary Judgment is subject to denial if a valid spendthrift trust was created to exclude the personal injury settlement from the Bankruptcy Estate. The Ninth Circuit has held that the Bankruptcy Code excludes from property of the estate a valid spendthrift trust. *See Daniel v. Security Pacific National Bank (In re Daniel)*, 771 F.2d 1352, 1360 (9th Cir.1985) (*cert. denied*, 475 U.S. 1016, 106 S.Ct. 1199, 89 L.Ed.2d 313 (1986)) (*abrogated by Patterson v. Shumate*, 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519

(1992) (*Patterson* holds that the term "non-bankruptcy law" contained in 11 U.S.C. § 541(c)(2) was more expansive than the holdings in cases such as *Daniel,* which limited § 541(c)(2) to state law; *Patterson* holds that § 541(c)(2) includes federal non-bankruptcy law, in addition to state law)).

 Under Arizona law, a spendthrift trust must contain an enforceable restraint on the transfer of the beneficiary's interest and the settlor of the trust may not be the beneficiary of the spendthrift trust. A.R.S. § 14–7701, *et seq.* A personal injury plaintiff who exchanges his property interest in the cause of action of the personal injury lawsuit for a settlement that creates a structured settlement, or alleged spendthrift trust, is the settlor of the purported trust and a valid spendthrift trust is not created. *Herrin v. Jordan (In re Jordan),* 914 F.2d 197, 199–200 (9th Cir.1990); *see also In re Simon,* 170 B.R. 999, 1002 (Bankr.S.D.Ill.1994); *Johnson v. Cooper (In re Cooper),* 135 B.R. 816, 819 (Bankr.E.D.Tenn.1992); *Walro v. Striegel (In re Striegel),* 131 B.R. 697, 701 (S.D.Ind. 1991).

In the case at bar, the Debtor exchanged her right to a personal injury judgment for a structured settlement. The Debtor received a lump sum payment to pay for the medical bills and attorneys fees up to the time of the settlement, and, pursuant to the Settlement Agreement, was to receive total of four periodic lump sum payments; three of the periodic lump sum payments were scheduled to be paid after the date that the Bankruptcy petition was filed on March 22, 1996. The post-petition lump sum payments start in the amount of $20,000 in 1998 and were to increase $10,000 with each of the successive payments in 2003 and 2008 respectively. The Debtor was also to receive annual payments of $2,500 for her life-time, which were guaranteed for at least 20 years. The Court finds and concludes that Debtor's argument that the annuity created for the future payments under the structured settlement was a spendthrift trust must fail because the Debtor was both the beneficiary and settlor of the alleged trust. The annuity does not qualify as a spendthrift trust under the applicable Arizona statutes.

Therefore, the Court finds and concludes that the personal injury settlement annuity and proceeds is not a spendthrift trust and is included as property of the estate, the personal injury settlement annuity is not exempt under Arizona law and, accordingly, the Trustee's Motion for Summary Judgment shall hereby be granted.

Accordingly,

IT IS ORDERED granting the Trustee's Motion for Summary Judgment;

IT IS FURTHER ORDERED directing counsel for the Trustee to lodge a separate form of summary judgment consistent herewith forthwith, the entry of which will be a final appealable order herein.

IT IS FURTHER ORDERED that the Trustee's claim upon the proceeds of the personal injury settlement annuity shall be limited to the amount necessary to pay the Debtor's creditors who file timely, valid claims and reasonable court costs and administrative fees approved by the Court.

IT IS FURTHER ORDERED directing the Clerk to set and give notice of a claims bar date in this case.

IT IS SO ORDERED.