**In re Mark I. ROBBINS, Sharon E. Robbins, Debtors.**

**Bankruptcy No. 96–24481.**

United States Bankruptcy Court,
D. Connecticut.

July 21, 1997.

Andrew S. Cannella, Hartford, CT, for Gilbert L. Rosenbaum, Trustee.

Linda P. Dunphy, Waterbury, CT, for Debtors.

*RULING TO DETERMINE PROPERTY OF THE ESTATE*

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

## I.

### *ISSUE*

The issue presented to the court is whether an annuity established by parties to a structured personal injury settlement agreement which contains a prohibition against transfer of the debtor's interest and under which the debtor receives monthly payments for life, constitutes a valid spendthrift trust under Connecticut law and is thus excludable from property of the debtor's Chapter 13 estate.

## II.

### *BACKGROUND*

The debtor, Mark Robbins ("the debtor"), entered into a settlement agreement ("the Agreement") dated February 6, 1988 with American International Underwriting Insurance Company, AIU Insurance Company and AIU Marketing, Inc. (together, "the insurer") to provide for settlement of a personal injury action. In consideration for the debtor's release of his claims, the insurer made an immediate $35,000 lump sum payment to the debtor and agreed to make $450 monthly payments for the life of the debtor, with 20 years of payments guaranteed. The Agreement further provides:

> *Claimant's Rights to Payments.* Claimant is and shall be a general creditor to the Insurer. Said payments to claimant required herein cannot be accelerated, deferred, increased, or decreased by the claimant and no part of the payments called for herein or any assets of the Insurer is to be subject to execution or any legal process for any obligation in any manner, nor shall the claimant have the power to sell or mortgage or encumber same, or any part thereof, no [sic] anticipate the same, or any part thereof, by assignment or otherwise.

*Agreement* at ¶ 3. The insurer exercised its right under the Agreement to purchase an annuity ("the Annuity") to fund its obligation to the debtor. *Agreement* at ¶ 5.

The debtor asserts that the above-quoted provision entitles the Annuity to receive spendthrift trust protection and, consequently, that the payments do not constitute property of the estate under § 541(c)(2) [1]. Gilbert L. Rosenbaum, the Chapter 13 trustee, denies that the Agreement establishes a valid spendthrift trust under Connecticut law.

## III.

### DISCUSSION

Section 541(a)(1) of the Bankruptcy Code provides that the filing of a petition creates an estate including "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Section 541(c)(2) excludes from the estate certain property in the form of a trust subject to a transfer restriction enforceable under applicable nonbankruptcy law.

■ Only trusts enforceable under state law as spendthrift trusts are excludable from property of the estate. *In re Tisdale*, 112 B.R. 61, 64 (Bankr.D.Conn.1990) (and cases cited therein). Under Connecticut law, "[a] trust which creates a fund for the benefit of another, secures it against the beneficiary's own improvidence, and places it beyond the reach of his creditors is a spendthrift trust." *Zeoli v. Commissioner of Social Services*, 179 Conn. 83, 88, 425 A.2d 553, 555 (1979) (citing *Carter v. Brownell*, 95 Conn. 216, 223, 111 A. 182 (1920)). Spendthrift trusts are further defined by state statutory law, Conn. Gen.Stat. § 52–321(a),[2] which exempts from claims of creditors trusts in which the trustee has a right to accumulate or withhold income from the beneficiary or in which income has been "expressly given for the support of the beneficiary or his family." *Hildreth Press Employees Federal Credit Union v. Conn. General Life Insurance Company*, 30 Conn. Supp. 513, 516, 295 A.2d 54, 56 (1972), *cert. denied*, 163 Conn. 643, 295 A.2d 669 (1972) (citing *Bridgeport v. Reilly*, 133 Conn. 31, 36, 47 A.2d 865, 867 (1946)).

■ The debtor's argument that the Annuity constitutes a valid spendthrift trust is not supported by Connecticut law. "Connecticut courts have held that a trust which contains an anti-alienation clause but which gives the beneficiary unrestricted access to the income is not a spendthrift trust...." *Tisdale*, 112 B.R. at 66 (citing *Carter*, 95 Conn. at 223–24, 111 A. 182). Furthermore, Connecticut public policy denies the validity of self-settled trusts where a person places " 'his property in trust for his own benefit under limitations similar to those which characterize a spendthrift trust.' " *Id.* at 65 (citing *Greenwich Trust Co. v. Tyson*, 129 Conn. 211, 219, 27 A.2d 166, 171 (1942)).

Numerous decisions have uniformly held that the payments due a debtor from a trust arising out of a structured personal injury settlement are included as property of the debtor's estate. *See Herrin v. Jordan (In re Jordan)*, 914 F.2d 197 (9th Cir.1990) (a trust containing restrictions against assignment and alienation, created to compensate a debtor for release of his personal injury claim, is not a spendthrift trust under Washington law because it is self-settled and therefore is not excluded from his use pursuant to § 541(c)(2)); *Walro v. Striegel (In re Striegel)*, 131 B.R. 697, 701 (S.D.Ind.1991) (same under Indiana law); *Vucurevich v. Stragalas (In re Stragalas)*, 208 B.R. 693 (Bankr.D.Ariz.1997) (same under Arizona law); *In re Simon*, 170 B.R. 999, 1002 (Bankr.S.D.Ill.

---

**1.** Section 541(c)(2) provides:

A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.
11 U.S.C. § 541(c)(2).

**2.** Section 52–321(a) provides:

Except as provided in sections 52–321a and 52–321b:

(a) If property has been given to trustees to pay over the income to any person, without provision for accumulation or express authorization to the trustees to withhold the income, and the income has not been expressly given for the support of the beneficiary or his family, the income shall be liable in equity to the claims of all creditors of the beneficiary.
Conn. Gen.Stat. § 52–321(a)(1991 & Supp.1997).

1994) (same under Illinois law); *Johnson v. Cooper (In re Cooper),* 135 B.R. 816, 819 (Bankr.E.D.Tenn.1992) (same under Tennessee law).

The debtor, as the party entitled to the settlement proceeds, funded the Annuity. It is therefore self-settled. The Annuity, despite the existence of a spendthrift clause, was also not subject to the trustee's discretion to accumulate, withhold, or reserve the income for the support of the debtor or his family. The court concludes that the Annuity fails to comply with either Connecticut statutory or case law governing spendthrift trusts, its restrictions against transfer are not enforceable, and, accordingly, the Annuity constitutes property of the estate. It is

SO ORDERED.