Hillsborough, }
Jan. 7, 1936.

FREDERICK P. HANFORD, *Guardian*

*v.*

FRANK B. CLANCY, *Trustee.*

*Arthur J. Reinhart,* by brief, for the plaintiff.

*Frank B. Clancy, pro se,* and *Frederick J. Gaffney,* by brief, for the defendant.

WOODBURY, J.   Assumpsit is not the appropriate form of action by which to enforce a trust of this nature.   65 C. J. 996, *et seq.*   The plaintiff should have brought a bill in equity (*Portsmouth* v. *Shackford,* 46 N. H. 423), but this defect is not insurmountable, (P. L., *c.* 334, *s.* 9), and so the merits of the controversy are before us for consideration.

460

The basis of the plaintiff's contention, and also of the ruling of the court, is that the ward, Julia J. O'Shea, is possessed of property, using that word in its ordinary sense. This is error.

The words of the will are clear and explicit. The testator plainly provided that his trustee, this defendant, should use his discretion as to the time when, the manner in which, and the purposes for which, the beneficiary should receive the benefit of his bequest. Under these circumstances she has no direct legal or equitable title to the funds in the hands of the trustee, (*Brahmey* v. *Rollins, ante,* 290), and obviously her guardian's rights therein are no greater than her own. The will does not give her the right to demand the payment of any specific sum at any particular time. It gives her only the right to demand that the trustee exercise his discretionary powers, and that he exercise them fairly and honestly for her benefit, not for the benefit of the remaindermen. Although the trustee's powers are wide, they are not unlimited. He must exercise his powers reasonably, and whether or not he has done so in any particular case presents an issue of fact for the superior court. It does not follow from this that the court can exercise discretion for him or is, in any sense, a substitute trustee. The only function of the court is to set the bounds of reasonableness within which the trustee may exercise his discretionary powers. Within those bounds the trustee's action is final. *Kimball* v. *Reding,* 31 N. H. 352; *Portsmouth* v. *Shackford,* 46 N. H. 423; *Eaton* v. *Eaton,* 82 N. H. 216, 219, and cases cited; *Wentworth* v. *Waldron,* 86 N. H. 559, 562; Am. Law Inst. Restatement of Trusts, s. 187.

Applying the foregoing well established principles to the case at bar, the result reached by the court below cannot be sustained. That court does not appear to have undertaken any detailed examination of the present or prospective needs of the *cestui,* but to have considered only the fact that the commonwealth of Massachusetts has in the past provided the plaintiff's ward with the care and support which she required. This, considered by itself, does not afford sufficient basis for the result reached by the court. *Portsmouth* v. *Shackford, supra.*

The commonwealth of Massachusetts is entitled to the fund, as a matter of fact, only if this is a reasonable disposition of the fund and if the trustee sees fit to dispose of it in this manner. It is entitled to the fund as a matter of law only if this is the sole reasonable disposition of the fund which can be made. Whether it is or not presents a question of fact for the trustee in the first instance and for the superior

court in the second, and this question of fact does not appear to have been investigated by the court.

In passing upon this issue consideration should be given to all the pertinent, surrounding circumstances. The trustee, and in the event of judicial review of his acts, the court, should consider the size of the fund, the present situation of the beneficiary, her present and future needs, what other resources she may have available for her support, and what future emergencies are likely to arise. Any disposition of the fund which the trustee may make in the light of the above considerations will not be disturbed by the court if it is reasonable. If it is unreasonable, the court should take appropriate action to curb the trustee, but he may not exercise discretion for him. Affirmative orders of disposition, such as the court made in this case, may only be sustained if, under the circumstances, there is but one reasonable disposition possible. If more than one reasonable disposition could be made, then the trustee must make the choice. Should a trustee prove unable to act with reason or persist in acting unreasonably, then the remedy is not for the court to act for him, but to proceed in the probate court for his removal and the appointment of another in his place.

Since it does not appear that the court considered all the pertinent surrounding circumstances, and, furthermore, since it does not appear that payment of the fund to the commonwealth of Massachusetts is the only reasonable disposition which can be made of it, the order must be

*Exception sustained.*

All concurred.