The City of Bridgeport *v.* Mary E. Reilly, Trustee

Maltbie, C. J., Brown, Jennings, Ells and Dickenson, Js.

Argued April 4—decided May 15, 1946

*John V. Donnelly,* with whom, on the brief, was *Harry Schwartz,* for the appellant (plaintiff).

*Louis Stein,* for the appellee (defendant).

MALTBIE, C. J. The question presented in this case is whether a city, which, in accordance with statutory requirement, has paid money for the support of an inmate of a state hospital for the insane, can compel reimbursement from the principal and interest of a trust of which the inmate is the beneficiary. The trial court rendered judgment for the defendant trustee and the city has appealed.

We have, at the request of the city, made slight changes in the finding and have added from the draft finding a number of statements which are supported by uncontradicted testimony, and against the inclusion of which the only claim made by the defendant is that they are immaterial. The finding, so corrected, presents the following situation: Fran-

cis A. Coughlin on April 11, 1914, upon the application of William Anderson, was committed by the Probate Court for the district of Bridgeport to the Connecticut State Hospital as an insane person. He continued an inmate of that institution until his transfer to the Fairfield State Hospital, where he has since remained. In these institutions the state has provided him with such comfortable care and support as his mental infirmity permits. That he will ever recover his sanity is doubtful but not altogether beyond hope. Coughlin was born in 1885. Until his commitment he had lived a portion of the time in Anderson's home. Although he was not related to and had not been adopted by Anderson, he was committed under the name of Francis A. Anderson. William Anderson paid the charges of the state for Coughlin's care until April 30, 1921, when his attorney wrote to the department of state agencies and institutions stating that Coughlin was in no way related to Anderson but was a nephew of his deceased wife and requesting that he be relieved of any further obligation to make payments. Thereafter Anderson made no further payments.

On February 10, 1919, Anderson made a will, in the second clause of which he gave to Hattie E. A. Reilly, a daughter by adoption, the sum of $3500 in trust for Coughlin during his life with these provisions: "Said trustee may in her discretion expend or appropriate any or all of the income or principal . . . . for the comfortable support" of Coughlin; she was authorized to pay over any unexpended part of the sum to him at any time he "may recover his health"; and any part of the fund remaining unexpended at his death was given to the five children of William A. Reilly, the husband of Hattie E. A. Reilly. On March 29, 1926, after

the birth of another daughter to William A. Reilly, Anderson executed a codicil to his will in which he ratified and confirmed it, except as it might be changed by the codicil, and in which he provided that the daughter, recently born, should share equally with William A. Reilly's other children under the second clause of the will. Anderson died January 13, 1929. The will and codicil were admitted to probate and the sum of $3500 distributed to Mrs. Reilly as trustee. Previous to her death on March 19, 1939, she made a number of small expenditures on Coughlin's account for clothing, comforts and miscellaneous items, amounting in the aggregate to $137.27. On her death the defendant was appointed successor trustee. She is one of the daughters of William A. Reilly and was named in the will as one who should share in the unexpended balance on Coughlin's death. She has made expenditures in his behalf amounting in the aggregate to $18 for fruit and miscellaneous items, but since May 5, 1942, she has spent nothing for his benefit. Since her appointment, she has not visited Coughlin at the hospital more than twice and not at all during the two years before the trial, and she has had no other contact or communication with him. The trust fund with its accumulations had at the time of trial been reduced to $1807.49, principally by reason of expenditures for administration expenses, court costs and counsel fees in this and another action involving the fund. Coughlin has a legal settlement in the plaintiff city and it has paid the state on its demand three dollars a week for his care and support as required by statute. General Statutes, § 1733, Cum. Sup. 1939, § 569e. These payments for the period between the time when the fund was received by the orig-

inal trustee and May 21, 1943, amounted to $1947.-03, and for the period from that date to September 30, 1944, to $369.87. The city made demand upon both the original and successor trustees that they pay for Coughlin's care and support and reimburse it for the expenditures it had made, but they refused to do so.

The previous action involving this fund was brought in March, 1933, by the state against Mrs. Reilly, the trustee at that time, to secure reimbursement for the sums it had expended for the care and support of Coughlin at the state hospital, and it sought damages and such further order or judgment as the court might deem proper. The trial court gave judgment for the state to recover damages and the action came before us on a writ of error. *Reilly* v. *State*, 119 Conn. 508, 177 A. 528. We held that the trial court had erred. We construed the trust as a spendthrift trust; we treated the case as one brought under § 1747 of the General Statutes, which was then in effect and which provided that when any person shall have been supported, in whole or in part, as a pauper, by the state, or it shall have paid any sum for the support of such a person in a humane institution, "such person or his estate" shall be liable to reimburse the state for the amounts expended; we pointed out that Coughlin was not a party to the action; and we held that he had no property subject to be taken in satisfaction of the state's claim, "whether contractual or resulting from a liability imposed by statute," saying (p. 512): "In the case of the typical spendthrift trust under which the beneficiary receives only such sums as the trustee finds to be necessary for his support, we have held that no title in the income passes to him unless and until

it is appropriated to him by the trustee, and then only to the amount determined by the trustee." In that case the state in its brief, in passing, asserted that the neglect of the trustee to make payments for Coughlin's support was a violation of her trust which justified an order that such amount as the court might deem proper should be paid to the state; A–66 Rec. & Briefs, p. 103; but we found no occasion to consider this statement in our decision. In the instant case the city vigorously contends that the failure of the trustees to pay for Coughlin's care and support at the state hospitals constituted an abuse of the discretion given in the will and requires a judgment compelling the defendant to reimburse it for the sums it has paid for that purpose and to pay for his future support at the hospital.

Section 5723 of the General Statutes provides that whenever property shall be given to trustees to pay over the income to any person, "without provision for accumulation or express authorization to the trustees to withhold such income, and the income shall not have been expressly given for the support of the beneficiary or his family," the income shall be liable in equity to the claims of creditors of the beneficiary. We have construed this statute as amounting to legislative authority for the establishment of trusts under which, when one of the specified conditions is satisfied, the income is not liable to be taken by creditors of the beneficiary and is not subject to assignment or alienation by him. *Carter* v. *Brownell,* 95 Conn. 216, 222, 111 A. 182; *Foley* v. *Hastings,* 107 Conn. 9, 16, 139 A. 305; *Reilly* v. *State,* supra. In this case the will gave the trustee a discretion to withhold all payments for the support of Coughlin. When dis-

cretion is given to a trustee, his exercise of it is subject to the control of the court to the extent, and only to the extent, that there has been an abuse of it. *In re Application of Smith,* 133 Conn. 6, 11, 47 A. 2d 521. Section 5723 was first enacted in 1899; Public Acts 1899, Chap. 210; *Carter* v. *Brownell,* supra, 221; before that time we had held that this principle applied to discretionary trusts for support; *Smith* v. *Wildman,* 37 Conn. 384, 386; *Dexter* v. *Evans,* 63 Conn. 58, 62, 27 A. 308; and other courts have, in the absence of statute, applied it to such trusts as well as to spendthrift trusts. *Walters' Case,* 278 Pa. 421, 423, 123 A. 408; *Shrewsbury* v. *Bucklin,* 105 Vt. 188, 191, 163 A. 626; *Hanford* v. *Clancy,* 87 N.H. 458, 460, 183 A. 271; *Estate of Ray,* 221 Wis. 18, 26, 265 N.W. 89, 266 N.W. 239; *Pole* v. *Pietsch,* 61 Md. 570, 572; 1 Scott, Trusts, p. 794 et seq. An abuse of discretion is the basis for action by the court and the question whether it has occurred depends necessarily upon the consideration of all relevant circumstances. *Wright* v. *Blinn,* 225 Mass. 146, 147, 114 N.E. 79; *Hanford* v. *Clancy,* supra; *Estate of Ray,* supra. We cannot, therefore, accept broadly the statement in the Restatement, 1 Trusts, § 157, that even in a case of a spendthrift trust the interest of the beneficiary can be reached to satisfy a claim against him for necessary services rendered or necessary supplies furnished.

In determining whether the successive trustees abused their discretion in not using the principal and income of the fund to reimburse the city for the payments it had made on Coughlin's account, it must be remembered that the clear purpose of the testator was that the fund should be used in the discretion of the trustee for Coughlin's comfortable support as there might be occasion to do so from

time to time. If a refusal to use it to pay charges for his support when they became due or to reimburse the city for expenditures it had made to pay those charges was within the reasonable discretion of the trustee at that time, her conduct would not become improper because of a later change of circumstances; and the city could not now recover for expenditures made by it on past occasions without proof that the trustee was bound to pay the charges at the time they were incurred. See *Westport Bank & Trust Co.* v. *Fable,* 126 Conn. 665, 676, 13 A.2d 862. The finding contains no statements as to any special circumstances existing at the times when the city made payments in the past upon which it could rest a claim that the trustee acted improperly in failing to pay charges which then became due. To a large extent this fact precludes the city from securing reimbursement for past payments.

The principal claim of the city is, however, largely based on the contention that it was the intention of Anderson, expressed in his will, that the fund should be used for Coughlin's support, whether or not he continued to be an inmate of a state institution, until such time as he might recover his health. When Anderson executed the will, he knew that Coughlin was in a state institution and the former was, in fact, paying for the latter's support there. Anderson undoubtedly knew that the state was furnishing Coughlin such support as was suitable for a man in his circumstances. Had Anderson intended that the principal and income from the fund should be used after his death to continue payments for Coughlin's support in the hospital, it would have been natural for him to have so directed,

rather than to give to the trustee a broad discretion to use it for Coughlin's comfortable support. When in 1926 Anderson made the codicil to his will, he ratified and confirmed the provisions of clause two, except as regards the inclusion of the child of William A. Reilly born after the making of the will. At that time he had made no payments for Coughlin's support at the hospital for about five years. It is impossible to escape the conclusion that Anderson, by making the provision he did for Coughlin's support, was thinking of the use of the fund to supplement the care and support which the state was furnishing Coughlin while he was an inmate of the hospital, or to provide for him elsewhere should he be in need of support after he had left it but before he so far recovered his health that the fund should be turned over to him. This was in substance the construction placed by the trial court upon the will, and it differentiates this case from those where the intent of the testator in establishing a trust was primarily to afford general support for the beneficiary. *Walters' Case,* supra; *Shrewsbury* v. *Bucklin,* supra, 192; *Hanford* v. *Clancy,* supra; *Pole* v. *Pietsch,* supra. The situation falls within the principle that a trustee, in determining whether to make expenditures under a discretionary trust for support, is entitled to take into consideration other means of support available to the beneficiary. *Bridgeport-City Trust Co.* v. *Beach,* 119 Conn. 131, 138, 174 A. 308; *Stempel* v. *Middletown Trust Co.,* 127 Conn. 206, 220, 15 A.2d 305. We agree with the trial court that there was, and is, no duty upon the successive trustees to use the fund to pay for Coughlin's support while he is an inmate of a state hospital, and that, consequently,

the defendant is not obligated to use it to reimburse the city for the sums it has spent for that purpose. There is no error.

In this opinion the other judges concurred.