EDMUND J. BRENNAN ET AL. *v.* JAMES E. RUSSELL, TRUSTEE (ESTATE OF JENNIE E. STEELE)

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued February 4—decided March 5, 1947

*Harry M. Albert,* with whom was *Michael V. Blansfield,* for the appellants (plaintiffs).

*Maurice T. Healey,* with whom was *James E. Russell,* for the appellee (defendant).

MALTBIE, C. J.   In this action seeking a declaratory judgment the plaintiffs have appealed from a judgment rendered for the defendant upon their failure to plead over after a demurrer to the complaint was sustained.   From the complaint and an exhibit attached, it appears that Jennie E. Steele died leaving a will in the twelfth article of which she gave the residue of her estate to a trustee with direction to "pay so much of the income and/or principal from said estate as the said trustee, in his uncontrolled discretion, shall deem necessary or proper to and for the support of Edmund J. Brennan  .  .  .  ;  to withhold payment of such income when, in the sole discretion of said trustee, it is for the welfare of said estate so to do"; and the testatrix gave at the death of Brennan "the principal of said trust estate then remaining, and the income accumulated thereon and therefrom, if any, to those heirs of the said Brennan living at the date of his death as are on the date hereof defined as such by the Connecticut statute of distribution."   The plaintiffs are Edmund J. Brennan, named in the will, and his mother, and the sole defendant is the trustee under the will.

It is sufficient for the disposition of this case, instead of reciting the further allegations of the complaint, to state the questions which, as appears from the plaintiffs' brief, they asked to have determined: Whether the twelfth article did not give to Brennan the entire residue in fee; whether the "heirs" to whom the principal was given are to be determined as of the time of the testatrix' death, rather than

at the death of the life tenant, and, if that is so, whether the life tenant might by assigning his interest to the donee or donees of the principal, or by renouncing that interest, accelerate the gift of the principal so that it would take effect upon such an assignment or renunciation; and whether, if the enjoyment of the principal cannot be so accelerated, Brennan is entitled to receive from the trustee the full amount necessary for his support without regard to other means he may have. The trial court sustained the demurrer principally upon two grounds: There was no actual bona fide and substantial question or issue in dispute between the parties or substantial uncertainty of legal relationship requiring settlement; and there was a fatal defect of parties to the action.

If Brennan asserted a right to receive at once the principal under a construction of the will that gave to him an absolute gift of the residue, a dispute would no doubt arise between him and the trustee, who would naturally refuse to deliver the property to him; similarly, if he should assign his interest as life beneficiary to the person or persons entitled to the principal, or should renounce that interest, and the donee or donees of the principal should then demand the property of the trustee, there would be a like dispute with the trustee. The substantial issue in the first situation would, however, be between Brennan and such persons as might claim the principal as "heirs" within the description in the will, as determined either at the date of the death of the testatrix or at that of his own death; and in the second situation, it would be between those who claim to be such "heirs" as determined at the death of the testatrix and such "heirs" as would be within that de-

scription at the death of Brennan. It is stated in the plaintiffs' brief that Brennan's mother is the only person who could qualify as such an "heir" at the death of the testatrix, but this is not alleged in the complaint; and, if it were, the writ and complaint make it clear that there is no dispute between them. The complaint is silent as to the persons who might at Brennan's death qualify as "heirs" within the description in the will, should his mother die before he did, or what is or may be the nature of the relationship of any such persons to him. In the complaint as it stands, there appears no ground for departing from the ordinary rule that a court should not determine questions unless all persons whose interests will be affected are parties to the action. *Russell* v. *Hartley*, 83 Conn. 654, 664, 78 A. 320; *Ackerman* v. *Union & New Haven Trust Co.*, 91 Conn. 500, 508, 100 A. 22; *Andover's Appeal*, 113 Conn. 494, 503, 155 A. 717. This principle is specifically made applicable to actions for declaratory judgments by our rules. Practice Book § 250(d). As regards the first two questions the plaintiffs seek to have answered, the trial court could properly hold that there was a fatal defect of parties.

Under the will, the trustee is authorized to use principal as well as income for Brennan's support, and if he is entitled to receive his entire support from the fund a depletion of principal might very likely result, to the loss of those entitled to receive the property at his death. The trial court might properly have concluded that, as regards the determination of this issue, there was also a fatal want of necessary parties. It gave, however, as one reason for sustaining the demurrer, that there was no substantial issue in dispute or substantial uncertainty

of legal relationship between the parties. The jurisdiction of the Superior Court to render a declaratory judgment should not be invoked where there is no room for reasonable question as to the rights of the parties. The terms of the trust as they appear in the will before us afford no reasonable ground on which it could be taken outside the principle recently reiterated by us that "a trustee, in determining whether to make expenditures under a discretionary trust for support, is entitled to take into consideration other means of support available to the beneficiary." *Bridgeport* v. *Reilly,* 133 Conn. 31, 39, 47 A.2d 865. The trial court could properly hold that the question we are now considering was without the field of actions seeking declaratory judgment.

There is no error.

In this opinion the other judges concurred.