NINA G. AUCHINCLOSS ET AL. v. CITY BANK FARMERS TRUST COMPANY, EXECUTOR & TRUSTEE, ET AL.

SUPERIOR COURT      FAIRFIELD COUNTY      FILE No. 76519

Memorandum filed August 4, 1948.

*Philip Reich,* of Bridgeport, for the Plaintiffs.

*Boardman, Stoddard & McCarthy,* of Bridgeport, for the Defendants.

CORNELL, J. In this action a construction of certain portions of the will and codicils of Emma Brewster Auchincloss, late of Fairfield, deceased, is sought. Such a cause can only be brought by one in a position of trust for guidance in performing the duties imposed upon him. *Ackerman* v. *Union & New Haven Trust Co.,* 90 Conn. 63, 70. Heirs and legatees have no right to ask the court to intervene in any controversy between them. *Belfield* v. *Booth,* 63 Conn. 299, 309. When the construction of a will is so sought by an executor, administrator, c. t. a., or trustee, the court will ordinarily refuse its advice unless all persons having an interest under the testament are made parties to the action. *O'Connell* v. *Remington,* 102 Conn. 401, 409; *White* v. *Smith,* 87 Conn. 663, 677. These requirements are not met in the instant case. However, in view of the conclusions reached here, it is obvious that no party not present will be injuriously affected if the questions propounded are answered. See *Hill* v. *Wright,* 128 Conn. 12, 19; *New Britain Trust Co.* v. *Stanley,* 128 Conn. 386, 392. To that end, the proceeding will be treated as an action for a declaratory judgment as in *Ackerman* v. *Union & New Haven Trust Co.,* supra, to which an action for the construction of a will by one occupying a fiduciary relation under the same bears analogy in some respects. *Hill* v. *Wright,* supra, 18. So considered, the cause must be viewed as one in which the plaintiffs who are grandchildren of the testatrix seek a declaration of their rights as beneficiaries of the trusts created in subdivision C of article 3 of the will with particular reference to whether or not the trustees therein named are vested with absolute discretion to refrain from paying any of the income therefrom to plaintiffs or for their benefit.

The decedent was survived by three children of whom one, Hugh B. Auchincloss, is the father of the plaintiffs. The will, after bequeathing personal and household effects in equal shares to her children, disposes of the rest of her property, referred to as the "residuary estate" as follows: Such residuary estate is divided among the three children of the testatrix in equal shares in which connection an inter vivos gift to the father of the plaintiff children in the sum of $1,000,000 is brought into

hotchpot by adding that amount to the residuary estate and subtracting it from the share to which Hugh B. Auchincloss would otherwise be entitled. Out of the shares so bequeathed to the three children of the testatrix, the latter directed that subshares be created sufficient in amount to produce an annual net income of $7,500 for each of the children of her own children. The subshares so created for the benefit of the plaintiffs in this action constitute the principals, respectively, of the trusts involved. There is some intimation that because of the manner in which the will treats the gift of $1,000,000 to the father of the plaintiff children, the amount of the trust funds for each of such children may not yield an annual income of $7500, but no question on that score is presented in the instant action.

Subsection C of article 3 of the will provides as follows:

"My Trustees shall hold, manage, invest and reinvest the principal of each subshare set apart for the benefit of a grandchild of mine pursuant to the provisions of Subdivision A of this Clause THIRD, and shall collect and receive the income therefrom and until such grandchild shall attain the age of twenty-one years, my Trustees shall apply to the use of such grandchild so much of the net income from such subshare as my Trustees shall in their absolute discretion deem advisable for the support, maintenance and education of such grandchild and shall accumulate any portion of the net income of such subshare not so applied and add such accumulated income to the principal of such subshare; after such grandchild shall attain the age of twenty-one years, my Trustees shall apply the net income from such trust fund (whether the same shall be more or less than Seventy-five hundred Dollars ($7,500) as the case may be) to the use of such grandchild during the remainder of such grandchild's life; and upon the death of such grandchild my Trustees shall transfer, pay over and distribute the principal of such subshare, in equal parts, to such grandchild's then living lawful issue, or if there shall be no such issue, and such grandchild's parent who was a child of mine shall be then living, my Trustees shall add the principal of such subshare to the principal of that portion of the share set apart for such grandchild's said parent which is then held in trust for such grandchild's said parent under the provisions of Subdivision B of this Clause THIRD, the fund so added to follow the disposition of the fund to which it is added, in all respects, both as to income and as to principal; or if such grandchild's said parent shall not be then living, my

Trustees shall transfer, pay over and distribute the principal of such subshare, in equal parts, to the then living issue of such grandchild's said parent, or if there shall be no such then living issue, to my then living issue, in equal parts; PROVIDED, HOWEVER, that any part which would thus become distributable to any person for whose benefit a trust fund is then held under this Clause THIRD shall not be transferred and paid over to such person, but in lieu thereof shall be added to such trust fund, the fund so added to follow, in each case, the disposition of the fund to which it is added, in all respects, both as to income and as to principal."

Under these provisions, plaintiffs claim that (a) the discretion reposed in the trustees refers only to the times when, and the amount of, income to be applied for the support and education of each grandchild and does not empower the trustees to withhold the benefit of such income within any period of time from them entirely; and (b) in determining the amount of income to be devoted to the stated purposes, the trustees are not to consider or take into account, any other income available to plaintiffs from any other source from which their maintenance and education may be supplied. Both of these questions are matters of testamentary intention which must be discovered in the language used, considered in the light of the general scheme of the disposition of the testator's estate revealed by the testament as a whole, weighed in the backdrop of the circumstances surrounding the author of the will at the time she executed it. *Hoops* v. *Stephan,* 131 Conn. 138, 143. While ample evidence delineates the present situation of the plaintiffs, there is none with respect to that of the testatrix when the will was drawn— hence nothing from that source which may be of aid in exposing any sense, other than that of their ordinary import, in which the pertinent words were used. Neither is there anything in the general scheme of the testament to which reference is made supra, that would vary the meaning of the passage under examination from that which it would otherwise have. In consequence, the testamentary intention, in the respects with which present concern is had must be extracted from the language employed, considered in connection with the other provisions of Article 3, subdivision C, aided by such judicial pronouncements as appear apt.

Obviously there is no express authority given the trustees to withhold the application of income for plaintiffs' support and education, as was the case, for example, in *Brennan* v. *Russell,* 133 Conn. 442, 443, or *Jaretzki* v. *Strong,* 98 Conn. 357. How-

ever, if the pertinent passage be taken literally (that is, ". . . my Trustees shall apply to the use of such grandchild so much of the net income . . . as my Trustees shall in their absolute discretion deem advisable. . . .") and·as isolated from the remainder of the context in which it appears, the power to withhold applications of income if in response to the exercise of the trustees' sound and honest judgment seems implicit in the authority conferred. *Bridgeport* v. *Reilly,* 133 Conn. 31, 37. See *Brown* v. *Mead,* 121 Conn. 1, 19. "Where by the terms of the trust a beneficiary is entitled only to so much of the income and principal as the trustee in his uncontrolled discretion, shall see fit to give him, he cannot compel the trustees to pay him or to apply for his use any part of the trust property." 1 Scott, Trusts, p. 774. However, in order to fully ascertain the testamentary intention, the provision in question must be read together with the others of which it forms a part. *Westport Bank & Trust Co.* v. *Fable,* 126 Conn. 665, 676. This done, it is apparent that so far as plaintiffs are concerned, they are each bequeathed an equitable life estate in the income from the trust fund established for him or her, which with respect to the disposition of such income is divided into two periods, namely that before such grandchildren attain the age of twenty-one years and that thereafter until they decease, with different provisions regarding the beneficial interest for the two periods. After each becomes twenty-one years of age, it is provided that the ". . . Trustees shall apply the net income from such trust fund (whether the same be more or less than Seventy-five hundred ($7500 dollars) to the use of such grandchild . . . ," while during minority each grandchild is to have only that benefit of the income which the trustees shall determine in the absolute discretion delegated to them for their support, maintenance and education. Significantly, the trustees are directed to accumulate any portion of the net income of such subshare not so applied and to add such accumulated income to the principal of such subshare. It is obvious that the testatrix contemplated that there would likely be a saving of income during the grandchildren's respective minorities and that the same when added to the trust principal would tend to enhance such after each grandchild reaches maturity and throughout his or her remaining life thereafter, as well as the increase of the principal distributable in the contingencies named, to other persons. On this premise the trustees may properly expend from the income during the minority of the grandchildren or either of them,

only so much thereof as may from time to time be reasonably necessary for such grandchild's support, maintenance and education. *Bridgeport Trust Co.* v. *Bartholomew,* 90 Conn. 517, 522. By "reasonably necessary" is meant all reasonable necessaries suitable to the situation and station in life of the beneficiary grandchild. *Hooker* v. *Goodwin,* 91 Conn. 463, 470. If the foregoing correctly interprets the testamentary intention, as it is believed that it does in view of the considerations noted supra, then the phrase, "my trustees shall apply to the use of such grandchild, so much of the net income from such subshare as my trustees shall in their absolute discretion deem advisable for the support, maintenance and education of such grandchild . . ." is to be construed as if it read: "My trustees shall apply to the use of such grandchild so much of the net income . . . as my trustees shall in their absolute discretion deem advisable for the support, maintenance and education of such grandchild . . ." Under a trust of this kind, the discretion of the trustees is not limited to a determination of the amount and time of any application of income, but, extends, also, to that of determining "the existence of a necessity for such application of the trust estate." *Hull* v. *Holloway,* 58 Conn. 210, 218. See also *Bronson* v. *Strouse,* 57 Conn. 147, 151. On this ascertainment of the testamentary intent the trustees have the power, and it is their duty to exert it when in their sound and honest judgment a situation with which they are confronted so requires, to withhold during the beneficiary's minority the application of payments or expenditures, toward, or for, the support, maintenance and education of such grandchild.

Whether or not the trustees, in exercising the discretion reposed in them, should take into account any income from other sources available for the support, maintenance and education of a grandchild is, as observed, supra, primarily a question of testamentary intention. *Hoops* v. *Stephan,* 131 Conn. 138, 143. In the absence of a contrary intention exposed in the context of the pertinent provision, or in the general scheme of dispositions revealed by the will as a whole, or indicated by the circumstances surrounding the testator when the will was executed, it is held in this state that, "a trustee, in determining whether to make expenditures under a discretionary trust for support, is entitled to take into consideration other means of support available to the beneficiary." *Brennan* v. *Russell,* 133 Conn. 442, 446; *Bridgeport* v. *Reilly,* 133 Conn. 31, 39; *Stempel* v. *Middletown Trust*

Co., 127 Conn. 206, 220, 157 A. L. R. 657; *Bridgeport-City Trust Co.* v. *Beach,* 119 Conn. 131, 138. The opinion in *Hoops* v. *Stephan,* supra, relied upon by plaintiffs involves no departure from the rule stated, though the result reached was different than that connoted in the present case. That case, which was concerned with the question whether the principal of the trust should be invaded, is obviously distinguishable from the instant, as well as from the others last cited, in that the court reading the will in the light of the circumstances surrounding the testator when the testament was executed concluded (p. 149) that the gift of maintenance and support was absolute and, that being so, the resources or lack of them of the beneficiary were immaterial. In the case at bar, as article 3, subsection C is interpreted here, the measure of the bequest during minority is not the entire income from the trust fund but such part of it only as the trustees in the exercise of an honest and reasonable discretion decide from time to time that the beneficiary is entitled to the benefit of. *Dexter* v. *Evans,* 63 Conn. 58, 62, 38 Am. St. Rep. 336. As the opinion in the *Hoops* case, supra, 149, makes clear, the gift to the beneficiary there was one of maintenance and support, "the cost [of which was] to be charged against income and if income is insufficient against principal." Here, the legacy is not one of income but only that which enures from the exercise of the trustees' discretion. *Stempel* v. *Middletown Trust Co.* supra, 218. The pertinent provision of the trust examined in *Hull* v. *Holloway,* 58 Conn. 210, read: "I direct that said trustee shall from time to time pay and transfer and convey to my said husband, for his use and benefit, so much of the income and principal . . . as my husband may require for his own personal use . . ." Any portion of the income not so expended, it was provided, might at the discretion of said trustee be added to the principal of said fund or reserved to meet extraordinary requirements of those for whose benefit said trust was created. (There was a further gift of income to a son after the husband's decease.) It was held (p. 217) that: the husband's "participation in the trust fund is limited to his personal necessities. Both income and principal are placed under the same limitation and restriction," and: that the husband "is presumably self-supporting and possibly possessed of property far in excess of the entire trust estate. So long as he is able to support himself by his own exertions, or has property available for his support, the trustee has no right to pay over to him, on his demand or otherwise, any portion of the income or principal of the trust fund." Where by

the terms of a trust the income is to be used for the support of minor child "if necessary," it cannot be paid over for that purpose if the parent of the beneficiary is able to furnish such support. *Suesens* v. *Daiker,* 117 App. Div. (N. Y.) 668, 669.

As consequential relief, plaintiffs claim judgment "directing defendants currently to pay over to plaintiff Nina Gore Alds for the benefit of said children the net income from said trusts, and, also, to pay over to her the net income received by such trusts from the date of decedent's death to the date of judgment in this action on account of expenditures made by her which are chargeable to such income." Parenthetically, it may be noted that the mother of the children concerned, Nina Gore Olds, is not a plaintiff in either the capacity of parent or as guardian on the estates of either of the grandchildren of the testatrix. She is a party only as prochein ami to such children who are the real parties in interest in this proceeding. Again, if the claim may be interpreted to be one made by the children that the trustees be required to pay the current income over to their mother as their parent, it would have to be denied. The direction is that the trustees "shall apply to the use of such grandchild so much of the net income . . ." This means that all disbursements made by the trustees in the exercise of the discretion delegated to them, should be made by them, not paid to plaintiff's parents or either of them or any guardian appointed on their respective estates. This, for the reasons stated in *Jaretzki* v. *Strong,* 98 Conn. 357, 365. See, also, *Hanford* v. *Clancy,* 87 N. H. 458, 460. In this connection it is alleged that in the last account filed by the principal's income producing potentialities for the beneficiaries trustees (September 18, 1946) prior to the institution of the instant action the principal of each of the trust estates was $211,-859.83, and the net income received by the defendants trustees "under each of said trusts since the date of decedent's death" (September 11, 1942) amounted to $12,998.07. Notwithstanding which, it is asserted: "No income has ever been paid over or applied under either of said trusts for the benefit of either of said children and the whole of the net income from each of said trusts remains with defendants, undistributed." For reasons which obviously appear from what follows, no discussion of the evidence adduced in support of these allegations will be presently indulged in. It is possible that it may become material in another proceeding and since it is regarded of no pertinence under the pleadings in the instant case, no opinion concerning its purport should be expressed here.

Of course, the mere circumstance that the trustees have failed to make any application of the income from the respective trust funds for the benefit of the cestuis is not, per se, indicative of any default on their parts. Such a situation, unexplained, is compatible with the exercise of the absolute discretion with which the testatrix endowed them. It is referable, for example, to a conviction on the part of the trustees that income available for the support, maintenance and education of each grandchild, from other sources than that from the trust fund of which each is the beneficiary has been sufficient to provide for their maintenance, support and education consistently with their station in life. In any case, there is no allegation that their conduct has been the product of bad faith or the result of mere caprice or whimsicality without which this Court would have no occasion to interfere with the exercise of their judgment. *Greenwich Trust Co.* v. *Converse,* 100 Conn. 15; *Bridgeport* v. *Reilly,* 133 Conn. 31, 37. Unless issues are raised by the pleadings, they cannot be adjudicated. *DiNino* v. *DiLoreto,* 107 Conn. 124. Nina Gore Olds, individually, is not, as already noted, a party plaintiff. Even if she could be considered such, the complaint fails to allege any act or conduct on the part of the trustees in their withholding of the income from the trusts for each of the grandchildren that would justify a court of equity in ordering that the trustees pay to Nina Gore Olds, personally, any part or all of the sums which she contends she expended from her own funds for the support and maintenance of such grandchildren. Since no finding is made here, or could be, in the state of the pleadings as to whether the failure of the trustees to apply or expend any of the income was the result of irresponsible conduct, caprice or bad faith, the way is open to Nina Gore Olds to institute an action to determine that question if she shall hereafter so desire.

The plaintiffs are advised that:

1. Under the trusts created in article 3, subdivision C of the will of Emma Brewster Auchincloss, the trustees of each of such trusts may in the exercise of their absolute discretion withhold the application of all or any of the income or the expenditure of same, for the benefit of the grandchild beneficiary of each of said trusts, for such period or periods as is consistent with the exercise of their sound and honest judgment.

2. In determining from time to time whether any or all of said income shall be so withheld, or what part or all of said in-

come shall be applied or expended by them for the benefit of each grandchild, the trustees are entitled to consider the amount of any income available to or received by each grandchild from other sources than the income from the trust and, also, the ability of either or both of such grandchild's parents to furnish support, maintenance and education for such grandchild.

Judgment accordingly.