95 A.2d 45 (1953)
PRESIDENT, DIRECTORS AND COMPANY OF FARMERS BANK OF DELAWARE et al.
v.
DELAWARE TRUST CO. et al.
Court of Chancery of Delaware.
March 2, 1953.
George M. Fisher, Dover, for plaintiff.
W. W. Harrington, Dover, for Delaware Trust Co., Trustee for Josephine Kerin, an insane person.
Max Terry, Dover, for Bernard A. Behen and Robert J. Campbell, Jr.
Howard Lynch, Jr., Dover, for John E. Connor.
William J. Storey, Dover, for Anna D. Behen, Executrix under the last will and testament of James J. Behen, deceased.
SEITZ, Chancellor.
The plaintiff, testamentary trustee, seeks instructions as to whether it should make payments from income and principal for the support of the mentally ill beneficiary under the trust while she has assets of her own.
John E. Kerin executed his will June 14, 1934 and died October 30, 1934. At both dates his sister Josephine Kerin was suffering from mental illness and was confined to the Delaware State Hospital. After making some specific bequests the testator left the residue of his estate to plaintiff in trust for the following purposes:
"To expend so much and such part of the net income from said trust fund as shall be necessary for the support, care, treatment and comfort of my sister, Josephine Kerin, for and during her life. Should my sister's condition improve and/or the Trustee deem it in my sister's interest that she be removed from the institution where she now is, I empower the Trustee to cause such removal and to place her in an institution either in or out of the State of Delaware, * * *. I vest in the said Trustee full power in its own absolute discretion to expend from time to time and at any time so much and such part of the principal of the trust fund aforesaid as the Trustee shall deem proper for the support, care, treatment and comfort of my said sister."
The will also provided that upon the death of the testator's sister the trustee should pay the funeral expenses including the cost of a suitable tombstone and should then pay "the corpus or principal of the trust fund as it shall then be constituted unto my following named nephews; Bernard A. Behen, James J. Behen, John E. Connor and Robert J. Campbell, Jr.".
For many years prior to his sister's illness the testator lived with his sister. She was first committed in 1933 when about 61 years of age. The house in which they lived was owned by his sister and, apart from some household furnishings, constituted her only asset. It is fair to infer that the testator knew of her assets just as it is fair to assume that he was aware of his own assets at the time of the execution *46 of his will and of his death. It is also reasonable to believe that he supported her after she became ill. The testator left a trust estate having a value of about $25,000.
The trustee's first account shows that for the period from November 7, 1934 to March 30, 1942 both income and principal were expended either for Josephine or for her home; it appearing that for a period of time she was released from the State Hospital. The second account of the trustee for the period from March 30, 1942 to March 7, 1946 also shows payments from income and principal for the support of Josephine Kerin. The testamentary trustee has since stopped payments until it receives appropriate instructions.
The trust beneficiary, Josephine Kerin, as stated, owned a property, household goods and a small amount of cash at the time of the testator's death. In 1951 this court appointed Delaware Trust Company trustee for Josephine Kerin. At that time her property, exclusive of her house and household goods, amounted to about $1250. On March 27, 1952, by court order, the house and household goods were sold. The total principal of the trust, excluding an apparently worthless New Jersey lot, is $8835.36 principal and $63.84 unexpended income. The income from the trust probably does not exceed $200. a year. However, the Delaware State Hospital is charging $150. monthly for her support, and there is now a substantial balance due the hospital. At the time the complaint was filed the testamentary trustee had on hand a principal of $14,570.98 and an unexpended income of approximately $1151.18.
Plaintiff, testamentary trustee, seeks instructions as to its duty under the will because Delaware Trust Company, trustee for Josephine Kerin, contends that the will requires the testamentary trustee to use so much of the income and principal as may be necessary for the support of Josephine Kerin, without taking into consideration her own property; it being argued that the trustee's discretion is only as to the amount of such payments and the time when such payments should be made. On the other hand, the nephews and the executor of a deceased nephew, who have interests in remainder, contend that the testamentary trustee is required to see that the assets of Josephine Kerin are exhausted before expending either income or principal from the testamentary trust for her support. The testamentary trustee concedes that its recent failure to make payments is not the result of the exercise of any alleged discretionary power.
To resolve the conflicting contentions it is necessary to construe the will of John Kerin. The surrounding circumstances at the time the will was written are particularly pertinent here. It is important to keep in mind that this problem should not be confused because of subsequent events.
The general approach to this particular problem of will construction seems to be well stated in 1 Scott on Trusts § 128.4:
"It is a question of interpretation whether the beneficiary is entitled to support out of the trust fund even though he has other resources. Where the trustee is directed to pay to the beneficiary or to apply for him so much as is necessary for his maintenance or support, the inference is that the settlor intended that he should receive his support from the trust estate, even though he might have other resources.3 The settlor may, however, manifest an intention that the trust property should not be applied to his support unless and only to the extent that he is in actual need, in which case he is not entitled to support out of the trust fund if he has other and sufficient resources.4"
It thus appears that the court must first decide whether the quoted language of the will is absolute or only sounds in terms of condition. The will merely states in substance that the trustee may spend so much of the income and principal as it in its discretion deems proper for the support of Josephine. The only language of the will which could be considered language of condition is the provision that the trustee should spend "so much and such part" of the income as should be "necessary" and the provision that it might spend "so much *47 and such part" of the principal as it deemed proper for Josephine's support. However, upon a full reading of the will in the light of the surrounding circumstances it seems apparent that this is not language of condition but is language fixing the standard by which the trustee is to exercise its discretion in determining the amount to be spent. The support provisions are not in my opinion circumscribed by language of condition.
Detailed reference to the many cases cited by counsel would be of little help because they all emphasize the almost unique nature of the problem presented in each case. It must be noted here, however, that the language concerning the use of principal is not in terms even conditioned upon the non-existence of income.
A quick reference to the surrounding circumstances will also add weight to my construction of the will to the effect that it was an absolute direction to support without regard to Josephine's other assets. The testator must have realized that Josephine's only asset was the house and furnishings. Is it reasonable to infer that he intended that this property should be sold and the money used for her support before the provisions of his will for her benefit should commence to operate? I think not. There is no reason to believe that he did not contemplate the possibility that she might return home. In fact she did for a time after his death. The fact that the testator was presumably unmarried, had lived with and looked after Josephine's interests for years and was aware of her mental condition all go to support the conclusion that he did not intend to employ language of condition when he drew his will. Compare Hoops v. Stephan, 131 Conn. 138, 38 A.2d 588. Cases relied upon by the nephews, such as City of Bridgeport v. Reilly, 133 Conn. 31, 47 A.2d 865, are distinguishable because of the particular language of the will and also because of the surrounding circumstances.
Nor does there appear to be any reason to differentiate between the income and the principal provisions for support. Both appear to be free of conditions other than the use of discretion as to time and amount.
In some cases involving trusts for support the determination as to whether or not the beneficiary's own assets are to be considered might well be a factor for the trustee's consideration in exercising its discretion. However, the language of the will and the circumstances known to this testator preclude such a construction here.
I, therefore, conclude that under the will of John E. Kerin, the trustee in exercising its discretion in administering the income and principal provisions for Josephine's support, may not consider her own assets.
Order on notice.