## SIMKINS INDUSTRIES, INC. *v.* PUBLIC UTILITIES COMMISSION ET AL.

| SUPERIOR COURT | NEW HAVEN COUNTY AT NEW HAVEN | FILE No. 124370 |
| --- | --- | --- |

Memorandum filed December 15, 1970

*Louis Evans,* of New Haven, for the plaintiff.

*Robert K. Killian,* attorney general, and *John K. Jepson,* assistant attorney general, for the named defendant.

*Tyler, Cooper, Grant, Bowerman & Keefe,* of New Haven, for the defendant New Haven Water Company.

LEVINE, J. The defendant New Haven Water Company hereinafter referred to as the company, has moved for judgment on the record in this appeal by Simkins Industries, Inc., hereinafter referred to as Simkins, from orders on June 24, 1970, and June 25, 1970, of the public utilities commission of the state of Connecticut, hereinafter referred to as the commission. Both orders of the commission deal with the rates of the company, and the appeal is on the grounds that Simkins is aggrieved and the orders are arbitrary, illegal, improper, and contrary to sound business principles and constitute an abuse of discretion. While our Supreme Court has given its approval to a motion for judgment on the pleadings in *DelVecchio* v. *DelVecchio,* 146 Conn. 188, there does not appear to be a motion for judgment on the record anywhere in our Connecticut practice or procedure. The court interprets the motion made herein as a request to decide those questions which the appeal itself puts into issue on the same basis as an appeal is treated, that is, on the record before the commission and the briefs.

The company had filed with the commission an application for rate increases, and Simkins appeared at the hearings on the application and was heard. On June 24, 1970, the commission issued its order on the application. The company took an

appeal from that order for the alleged failure of the commission to include the item of $227,000 for the expenses (interest, etc.) of a bond issue. On the same date of the order, however, the company filed with the commission a new schedule of rates which were the rates approved in the order, and in an order of June 25, 1970, the commission approved that rate schedule. Simkins is a large user of water sometimes referred to as a wholesale user, and in both orders the commission approved quarterly meter rates which permit charges for each quarter of $8.70 for the first 1000 cubic feet of water; 49 cents per 100 cubic feet for the next 29,000 cubic feet; 40 cents per 100 cubic feet for the next 70,000 cubic feet; 30 cents per 100 cubic feet for the next 900,000 cubic feet; and 19 cents per 100 cubic feet for over 1,000,000 cubic feet.

The commission claims that this court has no jurisdiction since "all parties having an interest adverse to the appellant" have not been summoned with a proper citation. General Statutes § 16-37. The citation attached to the complaint included the public utilities commissioners individually and the New Haven Water Company only. The commission's order of June 24, 1970, states that appearing in opposition to the schedule of rates were the various towns served in the company's franchise area, the Connecticut conference of mayors, and Yale University. In interpreting § 3610 of the Revision of 1930, the predecessor of § 16-37 of the General Statutes, the language of both being almost exactly the same, the Supreme Court held, concerning the portion providing that the appeal shall be served upon all persons "having an interest adverse to the appellant," that the "provision as to 'adverse' interests does not mean that the parties will in fact be adversely affected should the appeal be sustained, but refers rather to the possibility that such action

may so affect their interests." *Andover's Appeal,* 113 Conn. 494, 503. To go further, the Supreme Court held: "In the complaint as it stands, there appears no ground for departing from the ordinary rule that a court should not determine questions unless all persons whose interests will be affected are parties to the action. *Russell* v. *Hartley,* 83 Conn. 654, 664 . . . ; *Ackerman* v. *Union & New Haven Trust Co.,* 91 Conn. 500, 508 . . . ; *Andover's Appeal,* 113 Conn. 494, 503 . . . ." *Brennan* v. *Russell,* 133 Conn. 442, 445. "The right to an appeal is not a constitutional one. It is but a statutory privilege available to one who strictly complies with the statutes and rules on which the privilege is granted." *Chanosky* v. *City Building Supply Co.,* 152 Conn. 449, 451. The towns within the company's franchise area, the Connecticut conference of mayors, and Yale University were parties who had appeared before the commission and whose interests may possibly be affected by the appeal in this case.

Since there has not been strict compliance with § 16-37 in that the parties having an adverse interest to the appellant have not been cited in, in this appeal, in which there must be such strict compliance with the statute, it follows that unless the statute is complied with, this court, which exercises a limited statutory jurisdiction in appeals from the public utilities commission, is without jurisdiction to act. *Heiser* v. *Morgan Guaranty Trust Co.,* 150 Conn. 563, 565.

The appeal is dismissed for lack of jurisdiction.