[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
I. Procedural Background
On June 9, 1989, the plaintiff and Robert G. Giammattei were involved in a motor vehicle accident in which the plaintiff sustained injuries. Mr. Giammattei was uninsured. The plaintiff was driving a motor vehicle owned by either the defendant, CT Page 11612 Shaklee Corporation (Shaklee), or it subsidiary, the defendant, Golden Gate Management, Inc. (Golden Gate). This motor vehicle (the Shaklee motor vehicle) was leased to the plaintiff's parents, defendants Emile and Janice Fournier, from Shaklee. The Fourniers were employed by Shaklee as "Sales Leaders".
At the time of the accident, the Shaklee motor vehicle was insured by the defendant, Insurance Company of North America (INA). Both the Fourniers and the plaintiff, their daughter as a resident in the Fourniers' household, were insureds under the INA policy. March McLennan (M M) was the insurance agency which brokered the placing of the INA policy with Shaklee and Golden Gate.
Also at the time of the plaintiff's accident, the Fourniers owned three other motor vehicles which were insured by the defendant, United States Fidelity and Guaranty Company (USFG).
After the accident, the plaintiff hired the defendant, Attorney Alan Schuman, to represent her. Schuman notified Shaklee regarding plaintiff's claim for UM benefits. Plaintiff executed a release of liability in favor of Shaklee and Golden Gate in exchange for $20,000.00, the full amount and extent of coverage which the plaintiff thought existed.
Plaintiff then hired new counsel and pursued a UM claim against USFG. Plaintiff attempted to arbitrate the UM claim, and USFG claimed the plaintiff failed to exhaust the UM coverage under the INA policy. Subsequent to this occurrence, the plaintiff filed this declaratory judgment action, requesting the court to determine the amount of UM coverage under the INA policy. On May 6, 1994, the court (Lavine, J.) ruled on motions for summary judgment that there had not been a proper written election of minimum benefits under Connecticut law. That decision is currently on appeal.
On July 18, 1995, after discussions with all counsel in the case, the court ordered plaintiff to cite in Marsh McLennan (M M) as a defendant based on representations from INA, Shaklee, and Golden Gate that they would not pay any judgment to the plaintiff if Judge Lavine's decision was upheld; they would be looking to M M for payment. M M was cited in by plaintiff and on September 13, 1995, M M moved to dismiss, claiming that the plaintiff failed to comply with Practice Book § 309. By memorandum dated October 11, 1995, the plaintiff opposed such CT Page 11613 motion. By memorandum dated October 20, 1995, the defendants, Shaklee and Golden Gate, opposed such motion.
Oral argument took place before the court on October 23, 1995.
II. Legal Discussion
"A declaratory judgment ordinarily should not be rendered unless all persons having an interest in the subject matter are parties to the action." Adams v. Greenwich Water Co., 138 Conn. 205,217 (1951); Brennan v. Russell, 133 Conn. 442, 445 (1947). ("[T]he ordinary rule [is] that a court should not determine questions unless all persons whose interests will be affected are parties to the action.") Additionally, however if a person seemingly has an interest in an action, the court should also ensure that there has been compliance with the provisions of § 390 of the Practice Book, as amended, to determine if a justiciable controversy exists between or among the parties.Serrani v. Board of Ethics, 225 Conn. 305, 308 (1993). Section 390 states in pertinent part:
 The court will not render declaratory judgments upon the complaint of any person: (a) unless he has an interest, legal or equitable, by reason of danger or loss of uncertainty as to his rights or other jural relations; or (b) unless there is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties. . .
The plaintiff in her amended complaint has alleged in paragraph seven that M M was the broker of the INA policy. In paragraph fifteen plaintiff alleges that various disputes exist as to all the parties.
A motion to dismiss may be raised to contest the court's subject matter jurisdiction. Practice Book § 143, as amended. If a statute or rule has prerequisites to suit by a particular plaintiff, "the plaintiff not meeting the statutory criteria lacks standing and the court is said to lack jurisdiction over an action". Carrier Corp. v. Travelers Indem. Co., et al, 4 CLR 191
(1991) (Koletsky, J.). CT Page 11614
There appears to be no argument that this court has subject matter jurisdiction over declaratory judgment matters in general. The issue before this court on this motion to dismiss is whether or not this court has jurisdiction over M M. In order for this court to exercise jurisdiction over M M, the prerequisites of Practice Book § 390 must be met.
During argument and in her brief, plaintiff contends that M 
M has an interest in the issue of the amount of uninsured motorist coverage under the INA policy "if it is ultimately held that there was an ineffectual election of minimum UM under Connecticut law". Plaintiff's counsel recognizes that currently there is no interest; currently there is no dispute between her and M M. There may be an interest in the future; there may be some future dispute. On this basis the court does not feel that plaintiff has satisfied either provision (a) or (b) of Practice Book § 390.
Pursuant to subsection (c) of Practice Book § 390, this court feels that certain parties currently in this suit may utilize "some other form of procedure" in order to seek redress against M M when, and if, that becomes appropriate.
III. Conclusion
Accordingly, Marsh McLennan, Inc's. Motion to Dismiss is granted.
SUSAN B. HANDY, JUDGE OF THE SUPERIOR COURT